# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GUSTAVO PEREGRINA,

Petitioner,

v.

WILLIAM KNIPP, Warden,

Respondent.

1:11-cv-02139 MJS HC

ORDER GRANTING STAY OF PETITION FOR WRIT OF HABEAS CORPUS

(Docs. 3, 10.)

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 8-9.)

Petitioner was convicted of aggravated sexual assault upon a minor and sentenced to 15 years to life in state prison. (Pet. at 1, ECF No. 1.) He appealed his conviction to the California Court of Appeal, Fifth Appellate District, which affirmed the judgment to the above referenced count. (Id. at 3.) Petitioner subsequently filed a petition for a review in the California Supreme Court, which was denied on July 13, 2011. (Id.)

On December 19, 2011, Petitioner filed the instant petition. At the time of filing, Petitioner had not sought any other review of his conviction in the California Supreme Court.

On December 21, 2011, Petitioner filed a motion to stay the petition (Mot. to Stay, ECF No. 3.), and on February 17, 2011, Petitioner filed a motion for clarification regarding the motion to stay. (ECF No. 3.) Petitioner requests the Court stay his petition while he returns to state court to exhaust his third claim for ineffective assistance of counsel. For the reasons explained below, Petitioner's motion to stay must be granted.

## I. LEGAL STANDARD

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L. Ed. 2d 379 (1982); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

## II. ANALYSIS

Petitioner, recognizing that one of his claims was not exhausted, requests a stay of this case to allow him to attempt to exhaust that claim in state court. Petitioner has filed a petition with the Stanislaus County Superior Court in an attempt to exhaust. (See ECF No.10) This Court's review of the California Courts' website indicates Petitioner also presented a petition to the Fifth District Court of Appeal, that it was denied, and that Petitioner then, on July 26, 2012, filed a petition with the California Supreme Court.

### A. Stay and Abayance

A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), or Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and requirements for imposing a stay. Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his

petition to add the newly-exhausted claims to the original petition. Id. Under Rhines, a petitioner must meet three pre-conditions for a stay of a mixed petition: (1) a finding of good cause for petitioner's failure to exhaust all his claims before filing his habeas action; (2) a finding that the unexhausted claims are potentially meritorious; and (3) no indication that the petitioner engaged in intentionally dilatory tactics. Rhines, 544 U.S. at 278. If all three preconditions exist, the court should stay the habeas case and hold it in abeyance, leaving the mixed petition intact while the petitioner returns to state court to present his unexhausted claims.

Rhines does not go into detail as to what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L. Ed. 2d 669 (2005), where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. 544 U.S. at 416-17.

However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024.

Inasmuch as Petitioner provides no explanation for why he did not present the claim to the California Supreme Court, this Court is bound to find that he has not shown good cause for a stay under Rhines. However, the Kelly procedure, which has remained available even

after the Supreme Court's ruling in Rhines, does not require a showing of good cause. King, 564 F.3d at 1140. The Court must deny a request for a stay and abeyance under Kelly if the new claims are facially without merit and therefore cannot be added to the existing habeas petition after they are exhausted in state court. King, 564 F.3d at 1141.

The Court finds that this petitioner's sole unexhausted claim - that trial counsel was ineffective - presents, at this stage, a facially meritorious claim. Under the Kelly procedure, Petitioner should have the opportunity to file an amended petition that does not include his unexhausted claim.[1] If he does so, the Court will impose a stay to allow him to exhaust the deleted claim in state court. If he chooses not to amend his petition, the Court will deny his motion to stay and dismiss the petition without prejudice for failure to exhaust all claims but with leave to file an amended petition. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000). Petitioner is forewarned that such a dismissal may adversely affect the timeliness of the petition in relation to the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

As Petitioner may be able to exhaust his claim and subsequently add it to the petition through amendment, the Court will stay the proceedings under Kelly. The Court declines at this time to decide if the claim, once exhausted, can properly be added to the federal petition within AEDPA's one year limitation period. However, after Petitioner amends his petition to add any newly exhausted claims, Respondent will be given an opportunity to challenge the timeliness of the claims asserted in the amended petition.

## III. CONCLUSION AND ORDER

Accordingly, it is ORDERED that:

1) Petitioner's motion for stay (Docs. 3, 10) be granted in that the unexhausted claim in the original petition (claim three) be stricken pursuant to Kelly v. Small, 315 F.3d 1063 (9th

---

[1] The Court admonishes Petitioner to familiarize himself with Local Rule 220, which governs the amendment of pleadings. If he chooses to file an amended complaint, the Court will examine it according to the same screening standards that applied to his original petition. In addition, Petitioner is informed that the Court cannot refer to a prior pleading in order to make Petitioner's amended petition complete. Local Rule 220 requires that an amended pleading be complete in itself, without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (As general rule, an amended complaint or petition supersedes the original.).

Cir. 2002) and King v. Ryan, 564 F.3d 1133 (9th Cir. 2009), and the instant action, with only claims one and two remaining, be administratively stayed pursuant to Kelly and King;

2) Petitioner be directed to file a motion to lift the stay within 30 days of the California Supreme Court issuing a final order resolving Petitioner's unexhausted claims; and

3) Petitioner be directed to file an amended habeas petition containing all exhausted claims with his motion to lift the stay.

Petitioner is forewarned that failure to comply with this Order will result in the stay being vacated by the Court.

IT IS SO ORDERED.

Dated: September 6, 2012

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE